UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH DEON BRUMFIELD,<br><br>　　　　　　　　Petitioner,<br>v.<br>BRIAN WILLIAMS, et al.,<br><br>　　　　　　　　Respondents. | Case No. 2:24-cv-00652-GMN-EJY<br><br>**ORDER** |

*Pro se* Petitioner Keith Deon Brumfield, who is incarcerated in the custody of the Nevada Department of Corrections, filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Brumfield's Motion for Appointment of Counsel (ECF No. 7). For the reasons discussed below, the Court finds the appointment of counsel is in the interests of justice, and provisionally appoints the Federal Public Defender to represent Brumfield in this case.

**Background**

Brumfield challenges a conviction imposed by the Eighth Judicial District Court. *State of Nevada v. Bromfield*[2], Case No. C-19-337927-1.[3] On July 11, 2019, the state court entered a judgment of conviction for four counts of Battery Constituting Domestic Violence and sentenced Brumfield to an aggregate term of 32 to 80 years under the Small Habitual Criminal Statutes.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court notes that online docket records of the Eighth Judicial District Court and the state corrections department's inmate locator page spell Petitioner's last name as "Bromfield." Petitioner, however, has spelled his last name as "Brumfield."

[3] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1    On August 16, 2020, Brumfield filed a state habeas postconviction Petition where the
2 state court granted his state habeas Petition, in part, to the extent it entitled Brumfield to exercise
3 his right to a direct appeal.  On February 14, 2023, the Nevada Court of Appeals affirmed the
4 judgment of conviction.  On March 26, 2024, Brumfield initiated this federal habeas case
5 alleging claims of ineffective assistance of counsel. ECF No. 1-1.  In his Petition, Brumfield
6 asserts that he did not appeal the denial of his state habeas Petition. *Id*. at 1.  He further asserts
7 that all of the grounds stated in his federal habeas Petition have not been presented to the state
8 appellate court. *Id*.  The Court instructed Brumfield to resolve the filing fee, and he filed a
9 Motion to Extend Time to pay the filing fee, which the Court grants *nunc pro tunc*. ECF Nos. 3,
10 5.  He has paid the filing fee. ECF No. 6.

**Discussion**

12    Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and
13 order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez*
14 *v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss
15 petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by
16 procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v.*
17 *Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

18    Here, it appears likely that Brumfield's federal habeas claims are at least partially
19 unexhausted in state court and may be subject to dismissal without prejudice.  Although
20 Brumfield filed a direct appeal of his conviction, he did not present his ineffective assistance of
21 counsel claim to the state appellate court.

22    Turning to Brumfield's Motion for Appointment of Counsel, there is no constitutional
23 right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d
24 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)).  However,
25 an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. §
26 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary. *Id.* (authorizing
27 appointment of counsel "when the interests of justice so require").  But counsel must be
28 appointed if the complexities of the case are such that denial of counsel would amount to a denial

of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Brumfield is serving lengthy consecutive sentences. In addition, his Petition may raise relatively complex issues, including whether his ineffective assistance of counsel claim should be dismissed as unexhausted in state court, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Brumfield's Motion for Appointment of Counsel is granted.

## Conclusion

**IT IS THEREFORE ORDERED:**

1. Petitioner Keith Deon Brumfield's Motion for Appointment of Counsel (ECF No. 7) is granted.
2. Brumfield's Motion to Extend Time (ECF No. 5) is granted *nunc pro tunc*.
3. The Clerk of the Court is directed to file Brumfield's Petition for Writ of Habeas Corpus (ECF No. 1-1).
4. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.
5. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and

timely presenting claims.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

6. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

7. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED:  June 20, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE