**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEITH DEON BRUMFIELD,<br>Petitioner,<br>v.<br>BRIAN WILLIAMS, et al.,<br>Respondents. | Case No. 2:24-cv-00652-GMN-EJY<br><br>**ORDER** |

This habeas case is brought by Petitioner Keith Deon Brumfield, who filed a Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging seven claims for relief. ECF No. 29. Respondents move to dismiss certain grounds as unexhausted or not cognizable. ECF No. 42. Also before the Court is Respondents' Motion to Seal. ECF No. 39. For the reasons discussed below, the Court denies Respondents' Motion to Dismiss, defers consideration of whether Brumfield can demonstrate cause and prejudice to overcome the procedural default of Grounds 1, 2, 3, and 4 until the time of merits review, and grants Respondents' Motion to Seal.

**I. Background**

Brumfield challenges a conviction pursuant to a guilty plea imposed by the Eighth Judicial District Court. The state court entered a judgment of conviction for four counts of Battery Constituting Domestic Violence and sentenced Brumfield to an aggregate term of 32 to 80 years under the Small Habitual Criminal Statutes. ECF No. 36-33. He did not file a direct appeal.

In August 2020, Brumfield filed a state habeas Petition, and the state district court granted his state habeas Petition, in part, to the extent it entitled Brumfield to exercise his right to a direct appeal. ECF Nos. 37-11, 37-20. In February 2023, the Nevada Court of Appeals affirmed the judgment of conviction. ECF No. 38-22.

On March 26, 2024, Brumfield initiated this federal habeas case alleging claims of ineffective assistance of counsel. ECF No. 1-1. Following appointment of counsel, Brumfield

filed an Amended and Second Amended Petition. ECF Nos. 18, 29. Respondents move to dismiss Grounds 1, 2, 3, and 4 as unexhausted and Ground 3 as not cognizable in federal habeas. ECF No. 42.

**II. Discussion**

**a. Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

In Grounds 1 through 4, Brumfield asserts claims of ineffective assistance of trial counsel. Although Brumfield concedes that Grounds 1 through 4 were not fairly presented to the

Nevada courts, he asserts that the claims should be considered technically exhausted, but procedurally defaulted. He further asserts that he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default.

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Brumfield would face several procedural bars if he were to return to state court. *See, e.g.*, NRS §§ 34.726, 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *See Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *See* 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he, nonetheless, has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the

state procedural bars.

Here, Brumfield would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS 34.726, 34.810. He advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. The Court considers Grounds 1 through 4 technically exhausted on that basis. The Court defers ruling on whether the Grounds 1 through 4 are procedurally defaulted given the fact-intensive nature of the claims and Brumfield's cause and prejudice arguments. The Court finds that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Brumfield can demonstrate cause and prejudice until the time of merits determination. The Motion to Dismiss Grounds 1 through 4 as unexhausted is denied. Respondents may renew the procedural default argument as to the remaining grounds in their answer.

**b. Cognizability under *Tollett***

In Ground 3, Brumfield alleges that trial counsel rendered ineffective assistance of counsel when trial counsel failed to withdraw from his case after informing the state district court of his intent to withdraw. ECF No. 29 at 15-17. Respondents move to dismiss Ground 3, arguing that it is not cognizable under *Tollett v. Henderson*, 411 U.S. 258 (1973) because the claim allege pre-plea errors and trial counsel's failure to withdraw does not affect the voluntariness of Brumfield's plea.

In *Tollett*, the Supreme Court of the United States held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id.*

An exception to this general rule is "that a habeas petitioner may 'attack the voluntary and intelligent character of the guilty plea' based on pre-plea ineffective assistance of counsel 'by showing that the advice he received from counsel was not within the 'range of competence demanded of attorneys in criminal cases.'" *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017)

(citing *Tollett*, 411 U.S. at 267-69). The court in *Mahrt* clarified that this exception to the *Tollett* bar is not limited to incompetent advice from counsel and extends to instances in which "the action, or inaction of counsel prevent[ed] petitioner from making an informed choice whether to plead." *Id*. In *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court concluded that despite the lack of a right to a plea offer and the ultimate receipt of a fair trial, a defendant had the right to effective assistance of counsel during pre-trial plea negotiations, including as to plea offers that lapse or are rejected.

Because it is arguable that Brumfield alleges that his trial counsel's failure to withdraw and/or "the action, or inaction, of counsel prevent[ed] [him] from making an informed choice whether to plead," the Court finds that Ground 3 is not barred under *Tollett*. The Court denies Respondents' Motion to Dismiss Ground 3 as not cognizable.

## III. Motion to Seal

Respondents seek leave to file under seal: Exhibit 24, Petitioner Brumfield's Presentence Investigation Report ("PSI") (ECF No. 40-1), dated May 21, 2019. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). Having reviewed and considered the matter in accordance with *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Brumfield's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, Respondents' Motion is granted and Exhibit 24 is considered properly filed under seal.

## IV. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 42) is denied.

It is further ordered that the Court defers consideration of whether Brumfield can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Grounds 1, 2, 3, and 4 until the time of merits review. Respondents may reassert the procedural default arguments with respect to those claims in their Answer.

///

It is further ordered that Respondents' Motion to Seal (ECF No. 39) is granted. Exhibit 24 is considered properly filed under seal.

It is further ordered that Respondents have until September 25, 2026, to file their Answer.

It is further ordered that Brumfield has 60 days after service of the Answer to file his Reply.

Dated July 24, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE